IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRILUMINA CORP.,

    Petitioner,

v.                                                       Case No. <u>1:16-cv-337</u>

JOHN JOSEPH, an individual,

    Respondent.

## NOTICE OF REMOVAL

Without waiving his rights under Fed.R.Civ.P. 12(b)(5), Respondent John Joseph, by and through counsel of record, Foster, Rieder & Jackson, P.C. (Geoffrey D. Rieder, Travis G. Jackson, and Meghan D. Stanford), gives notice of removal of this action, entitled *Trilumina Corp. v. John Joseph,* No. D-202-CV-2016-01892, from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 1441, 1446, 1454(a).  A copy of all process, pleadings, and orders filed in the underlying state court action are attached as Exhibit A1 – A5.  *See* 28 U.S.C. §1446(a).  The grounds for removal are:

    1.    On March 23, 2016, Petitioner TriLumina Corporation ("TriLumina") filed a Verified Complaint (the "Complaint") against Respondent John Joseph ("Joseph" or Respondent) generally alleging that "Respondent is infringing on a number of TriLumina's patents to further his own personal gain, to compete with TriLumina, and to gain economic advantage over TriLumina."  *See* Complaint at ¶ 29 (attached as Exhibit A1).  TriLumina also filed an Application for Temporary Restraining Order (TRO), relying on the allegations in the Complaint.  *See* Exhibit A2.  Joseph has not yet been properly served with process, and reserves

his right to object to service, but seeks removal to correct TriLumina's improper request for state court adjudication of the parties' respective patent rights.

2. Federal Courts have exclusive subject matter jurisdiction to decide issues of patent infringement. 28 U.S.C. § 1338(a) (providing that "[t]he [federal] district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents.... <u>Such jurisdiction shall be exclusive of the courts of the states</u>...." (emphasis added)). Exclusive federal jurisdiction under 28 U.S.C. § 1338 exists if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). "[W]hether a patent is valid and infringed ordinarily is one for federal courts." *Jim Arnold Corp. v. Hydrotech Sys., Inc.*, 109 F.3d 1567, 1572 (Fed. Cir. 1997).

3. The claims in TriLumina's Complaint expressly rely on allegations of patent validity and infringement:

    a. "TriLumina has twelve issued patents covering VCSEL technology and FSOC applications, which Respondent is infringing on." Complaint at ¶ 24 (Ex. A1);

    b. "Respondent is infringing on a number of TriLumina's patents to further his own personal gain, to compete with TriLumina, and to gain economic advantage over TriLumina." *Id.* at ¶ 29;

    c. "TriLumina requires an immediate injunction or it will suffer irreparable harm to its . . . Patent rights . . . ." *Id.* at ¶ 32;

    d. Respondent "us[ed] patent information that is exclusively owned by TriLumina." *Id.* at ¶ 36(d);

e. "Respondent is unjustly enriched by his use of TriLumina['s] Patents and patent information in developing product and technology at the expense of TriLumina and its property rights." *Id.* at ¶ 39;

f. Respondent's "technology consists of the Patents. . . assigned to/developed while Respondent was employed by Trilumina." *Id.* at ¶ 43;

g. Respondent is marketing technology "that Respondent knows is based on . . . patents . . . that [are] the sole property of TriLumina." *Id.* at ¶ 60;

h. Respondent assigned "any and all inventions and technology" to Trilumina and "Respondent is infringing on TriLumina's use by failing to participate in signing various foreign and domestic patent filings." *Id.* at ¶ 64.

4. The right of a purported patentee to a remedy for patent infringement is created by the federal patent statute, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (1994). The term "patentee" includes alleged "successors in title to the patent." 35 U.S.C. § 100(d) (1994). TriLumina repeatedly alleges that it is the assignee, or successor in title, to "any and all" of Joseph's several patents. TriLumina further alleges that technology developed by Joseph after he was forced out of TriLumina infringes on his prior patents. Joseph adamantly denies all of that, but Trilumina's allegations indisputably rely on patent infringement. Because these federal patent issues are: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress," jurisdiction rests with this Court. *Gunn v. Minton*, ___ U.S. ___, 133 S.Ct. 1059, 1065, 185 L.Ed.2d 72 (2013). *See also Jang v. Boston Scientific Corp.*, 767 F.3d 1334, 1338 (Fed. Cir. 2014) ("Permitting regional circuits to adjudicate questions of patent validity, for example, could result in inconsistent

judgments between a regional circuit and the Federal Circuit, resulting in serious uncertainty for parties facing similar infringement charges before district courts within that regional circuit."); *Alexsam, Inc. v. Green Dot Corp.*, Case No. 2:15-cv005742-CAS(PLAx), 2015 WL 6520917, at *3 (C.D.Cal., Sept. 28, 2015) (slip copy) ("[S]everal courts have found that a breach of contract claim raises a federal question of patent law when its resolution depends on proving whether defendant's products infringe.").

5. Importantly, the United States Patent and Trade Office has issued to Joseph a provisional patent for his newly invented technology. After Joseph is properly served with the Complaint, he will assert appropriate compulsory counterclaims under federal patent law and seek declaratory judgment to protect and enforce his patent rights. "[T]he purpose of the Declaratory Judgment Act ... in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed.Cir.1987). This Court already has jurisdiction over TriLumina's claim, but will also have exclusive jurisdiction over Joseph's compulsory counterclaims, 28 U.S.C. § 1454(a); 28 U.S.C. § 1338(a), as well as jurisdiction over Joseph's request for Declaratory Judgment. 28 U.S.C. § 2201(a) (2000).

6. In short, the litigation of Trilumina's claims relying on alleged patent infringement, and the compulsory counterclaims and declaratory judgment action that Joseph will pursue, necessarily depend on resolution of the parties' respective patent rights. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

7. The Court shall have supplemental jurisdiction over all of TriLumina's state law claims because they are so related to patent infringement that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

8. Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1454(b).

WHEREFORE, Respondent John Joseph requests that this action be removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico to the United States District Court for the District of New Mexico.

                              **FOSTER, RIEDER & JACKSON, P.C.**

                              By:   /s/Travis G. Jackson
                                  Geoffrey D. Rieder
                                  Travis G. Jackson
                                  Meghan D. Stanford
                                  201 Third Street NW, Suite 1500
                                  Albuquerque, NM  87102-1607
                                  Telephone: (505) 767-0577
                                  Facsimile: (505) 242-9944
                                  *Attorneys for Respondent John Joseph*

I HEREBY CERTIFY that on the 25th day of April 2016, I
filed the foregoing electronically, which caused the
following parties or counsel to be served by electronic
means, as follows:

Jeffrey A. Dahl
Michael G. Smith
Keleher & McLeod, PA
POB AA
Albuquerque, NM 87103

**FOSTER, RIEDER & JACKSON, P.C.**

By: /s/Travis G. Jackson/s/
       Travis G. Jackson