EXHIBIT A1

FILED IN MY OFFICE
DISTRICT COURT CLERK
3/23/2016 5:15:34 PM
James A. Noel
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

TRILUMINA CORP.,

        Petitioner,

v.    Case No.   D-202-CV-2016-01892

JOHN JOSEPH, an individual,

        Respondent.

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

TriLumina, Corp. ("TriLumina"), by and through its counsel at Keleher & McLeod, P.A., brings this Verified Complaint for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, Breach of Contract, Unjust Enrichment, Violation of the New Mexico Unfair Practices Act, Misappropriation of Trade Secrets, Breach of the Duty of Good Faith and Fair Dealing, Declaratory Judgment, and Specific Performance. TriLumina is requesting a temporary restraining order filed concurrently herewith, and further injunctive relief due to the violations of Respondent's agreement with TriLumina regarding intellectual property and non-compete clauses as set forth below. TriLumina states the following in support:

### Parties, Venue, and Jurisdiction

1.     TriLumina is a for profit corporation, authorized to do business and doing business in the State of New Mexico, with its principal office located in Bernalillo County, New Mexico.

2.     John Joseph is a former employee, former board member, a shareholder and co-founder of TriLumina; and, on information and belief, is a resident of Bernalillo County, New Mexico.

3.     Venue for this action is proper in this Court pursuant to NMSA 1978, § 38-3-1.

4.   The Court has proper personal jurisdiction over all parties to this matter because all parties are New Mexico citizens.

5.   The Court has proper subject matter jurisdiction over this request for the requested injunctive relief.

## Facts

1.   In 2010, Respondent filed or was issued one or more patents relating to semiconductor laser designs, methods of manufacture and various applications using the underlying laser technology known as Vertical Cavity Surface Emitting Lasers ("VCSEL").

2.   In 2010, Respondent was a member of a four person team that formed TriLumina.

3.   TriLumina currently conducts business as a semiconductor laser technology company, which designs, develops, manufactures and integrates semiconductor laser solutions for a variety of applications, using the company's VCSEL laser technology.

4.   TriLumina uses the VCSEL laser technology to develop Free Space Optical Communications ("FSOC") devices.

5.   TriLumina also develops LiDAR (Light Distance and Ranging) technologies based on the VCSEL laser technology.

6.   Respondent was the inventor or the co-inventor of ten [10] issued patents and approximately 10-12 pending patent applications relating to this the VCSEL laser technology ("Patents").

7.   Respondent filed patent assignments with the United States Patent and Trademark Office ("USPTO") for each of the patents referenced in paragraph 6 above assigning all his right, title and interest in and to the Patents to TriLumina ("Patent Assignments").

8. From 2010 through December 2012, TriLumina raised approximately $1,400,000 from individual investors through a Convertible Note Program that, in part, induced investors to make investments in TriLumina based on the value of the TriLumina Patents, the underlying VCSEL laser technology and the economic promise of the FSOC and LiDAR applications.

9. Respondent was actively engaged in his work at TriLumina as its "Vice President of Technology" which included the raising of funds from the Convertible Note investors.

10. In his individual capacity as a "Founder" of TriLumina, Respondent executed and delivered a Preferred Stock Purchase Agreement ("Stock Purchase Agreement") entered into in February, 2013 by and between Respondent, TriLumina and named venture capital equity investors relating to the investment of up to $8,500,000 to capitalize TriLumina.

11. As part of the Purchase Agreement, Respondent warranted that he had assigned to the Company all intellectual property rights that are related to the company's business.

12. In connection with the investment and the transactions relating to the Purchase Agreement, Respondent was named as a member of the TriLumina board of directors.

13. Respondent accepted the duties of a board member and actively served as a director of TriLumina from February 12, 2013 until his resignation on May 9, 2015.

14. As required by his employment with TriLumina, Respondent entered into a Confidential Information and Invention Assignment Agreement ("Assignment Agreement") with the Company dated February 2, 2015.

15. In the Assignment Agreement, Respondent warranted that all Inventions, as that term is defined in the Assignment Agreement, developed during the Respondents employment were assigned to the TriLumina, fully and completely, and may only be used to benefit TriLumina.

16. On May 9, 2015, Respondent resigned both his position as a TriLumina board member and as a TriLumina employee.

17. In connection with his resignation and as required by the Assignment Agreement, Respondent executed and delivered a Termination Certification ("Certification"), in which he certified the return of all TriLumina property and agreed to preserve as confidential, all of TriLumina's trade secrets, confidential knowledge, proprietary information, etc.

18. Respondent further agreed to refrain from using any confidential information to negatively affect or influence any of TriLumina's customers in any way.

19. Following his resignation, Respondent started a new company called Optipulse Inc., which advertises technology based on VCSEL laser technology for FSOC applications.

20. OptiPulse and TriLumina entered into a non-disclosure agreement on July 7, 2015 that provided protections of respective party's intellectual property and provided no licenses to the other.

### Allegations Common to All Counts

21. When Respondent offered the Convertible Notes to investors, he did so with the implied warranty that all Patents and the intellectual property he developed were the exclusive property of TriLumina, and would only be used to advance TriLumina. As a Founder of TriLumina, Respondent also warranted that TriLumina owned or could acquire the Patents and intellectual property developed by him.

22. When the Founders of TriLumina offered the Stock Purchase Agreement to the venture capital investors, they did so with express warranty that all patents and intellectual property were the exclusive property of TriLumina, and would only be used to advance TriLumina.

23. As a result of these and similar warranties, TriLumina was able to secure funding to develop and grow the company.

24. TriLumina has twelve issued patents covering VCSEL technology and FSOC applications, which Respondent is infringing on. TriLumina has approximately ten to twelve patent filings that are in various phases of review by the Patent Trade Office and foreign patent authorities which will require Respondents cooperation and assistance, principally requiring signing associated documents and filings.

25. Respondent, through his new company Optipulse, is using technology which includes patents, confidential information and "know how" specifically developed while Respondent was employed at TriLumina.

26. Respondent is using designs, trade secrets, confidential information and technological "know how" to develop and promote a FSOC product in violation of the Stock Purchase Agreement, Assignment Agreement, Non Disclosure Agreement and the Certification.

27. Respondent is using the intellectual property of TriLumina in projects other than to benefit TriLumina.

28. Respondent is devaluing TriLumina by marketing other uses of VCSEL laser technology and FSOC technology that cast the technology in a negative light and reduce TriLumina's ability to market its products.

29. Respondent is infringing on a number of TriLumina's patents to further his own personal gain, to compete with TriLumina, and to gain economic advantage over TriLumina.

### Count I: Preliminary and Permanent Injunction

30. TriLumina incorporates the preceding paragraphs as though fully set forth herein.

31. TriLumina seeks an immediate injunction to prevent Respondent from further breaching his contractual agreements with TriLumina.

32. TriLumina requires an immediate injunction or it will suffer irreparable harm to its:

    a. Intellectual property

    b. Patent rights, both within and outside the United States

    c. Business relationships

    d. Trade secrets; and

    e. Proprietary information technologies

33. TriLumina has no adequate remedy at law to prevent the irreparable harm referenced above.

### Count II: Breach of Contract

34. TriLumina incorporates the preceding paragraphs as though fully set forth herein.

35. The Stock Purchase Agreement, the Assignment Agreement and the Certification were valid, binding and enforceable contracts which Respondent voluntarily executed and for which Respondent received valuable consideration.

36. Respondent is in breach of the Stock Purchase Agreement, the Assignment Agreement and the Certification in the following ways;

    a. using intellectual property to develop and promote new tech based on the intellectual property that is wholly owned by TriLumina;

    b. using confidential information to his personal benefit;

    c. using TriLumina trade secrets to develop and promote new tech based on the intellectual property that is wholly owned by TriLumina;

    d. using patent information that is exclusively owned by TriLumina;

e.   using TriLumina trade secrets and intellectual property to develop technology for his benefit and to compete against TriLumina's business interests;

f.   refusing to fulfill his obligations to sign patent assignment documentation required for the execution of patent applications that were developed and filed while he was an employee of TriLumina;

g.   Demanding compensation for intellectual property that is already the property of TriLumina, and which was developed while Respondent was an employee of TriLumina.

37.   TriLumina has been damaged as a proximate result of the breaches by Respondent.

### Count III: Unjust Enrichment

38.   TriLumina incorporates the preceding paragraphs as though fully set forth herein.

39.   Respondent is unjustly enriched by his use of TriLumina confidential information, trade secrets, intellectual property, Patents and patent information in developing product and technology at the expense of TriLumina and its property rights.

40.   TriLumina has been damaged by Respondent's unjust enrichment and unfair competition against TriLumina.

### Count IV: Violation of the New Mexico Unfair Trade Practices Act

41.   TriLumina incorporates the preceding paragraphs as though fully set forth herein.

42.   Respondent is in violation of the New Mexico Unfair Practices Act, NMSA 1978, § 57-12-1, *et. seq.* by advertising on the Optipulse website (Respondent's current employer) that the technology was invented by Respondent for Optipulse or otherwise implying that Respondent or Optipulse owns the technology.

43. Respondent is aware that the statement is false as the technology consists of the Patents, confidential information, trade secrets and other intellectual property that was assigned to and/or developed while Respondent was employed by TriLumina.

44. Petitioner has been damaged by Respondent's unfair trade practices.

45. Petitioner is entitled to its damages, treble damages, attorney's fees and costs for violation of the Unfair Practices Act.

## Count V: Misappropriation of Trade Secrets

46. TriLumina incorporates the preceding paragraphs as though fully set forth herein.

47. Respondent is a person as defined in the New Mexico Trade Secrets Act, NMSA 1978, § 57-3A-2 ("the Act").

48. Respondent has misappropriated trade secrets that are the sole property of TriLumina.

49. The trade secrets include, but are not limited to; the Patents, the intellectual property, the confidential information, and the application of VCSEL laser technology for FSOC, LiDAR and other various uses.

50. On information and belief, Respondent has, without authorization or license, used and continues to use TriLumina's trade secrets.

51. Respondent violated the Assignment Agreement by using TriLumina's trade secrets without authorization.

52. Respondent's conduct violated the Act.

53. Respondents' actions were willful and malicious.

54. Pursuant to §57-3A-3 of the Act, TriLumina is entitled to an injunction against Respondent to prevent Respondent from using trade secrets.

55. Pursuant to § 57-3A-4 of the Act, TriLumina is entitled to damages to be proven at trial, attorney's fees and double damages.

56. Respondent's misappropriation has caused TriLumina to lose out on a possible market for its FSOC technology.

### Count VI: Breach of the duty of Good Faith and Fair Dealing

57. TriLumina incorporates the preceding paragraphs as though fully set forth herein.

58. Respondent, at all times material hereto, owed Petitioner a duty of good faith and fair dealing.

59. Respondent has breached his duty of good faith and fair dealing by violating the Stock Purchase Agreement, the Assignment Agreement and the Certification.

60. Respondent has further violated his duty of good faith and fair dealing by marketing the VCSEL laser technology for FSOC applications that Respondent knows is based on both patents and intellectual property that is the sole property of TriLumina.

61. TriLumina has been damaged in an amount to be proven at trial.

### Count VIII: Specific Performance

62. TriLumina incorporates the preceding paragraphs as though fully set forth herein.

63. Under the contractual terms of the Stock Purchase Agreement and the Assignment Agreement and the Certification, Respondent warranted that any and all inventions and intellectual property were the property of TriLumina, and could be used exclusively for its benefit.

64. Respondent is infringing on TriLumina's use by failing to participate in signing various foreign and domestic patent filings.

65. TriLumina requests this court order specific performance on all such necessary filings.

WHEREFORE, TriLumina requests immediate injunctive relief enjoining Respondent from any further breaches of his contractual obligations, damages against Respondent in an amount to be proven at trial and for such other relief as the Court finds proper and just.

Respectfully submitted,

KELEHER & McLEOD, P.A.

*Electronically Filed on 03/23/2016*
By: */s/ Michael G. Smith*
JEFFREY A. DAHL
MICHAEL G. SMITH
P.O. Box AA
Albuquerque, NM 87103
(505) 346-4646 telephone
jad@keleher-law.com
mgs@keleher-law.com
*Attorneys for TriLumina Corp.*

4850-1947-0894, v. 1 / 13677-001

## VERIFICATION

Kirk Otis, President and CEO of TriLumina, and authorized representative of same, states that he has read, knows and understands the contents of the foregoing Complaint, and that the statements therein are true and correct, to the best of his knowledge and belief, and so swears under the penalty of perjury under the laws of the state of New Mexico.

23 March 2016
Date

Kirk Otis
TriLumina President